USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/9/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
: 
CASABLANCA FOODS LLC,                                                :
                                                                     :
                                              Plaintiff,             :     1:25-cv-5616-GHW
                                                                     :
                              -v -                                   :     ORDER
                                                                     :
MINA SAHAR SAFFRON LLC, *et al.*,                                    :
                                                                     :
                                              Defendants.            :
                                                                     :
-------------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

Plaintiff filed this action on July 9, 2025, alleging, among other things, that Defendants sell products that infringe on various Plaintiff-owned trademarks. Dkt. No. 1 ¶¶ 134–99. Plaintiff filed a motion for a preliminary injunction later that day. Dkt. No. 8.

Plaintiff's motion for a preliminary injunction is denied without prejudice. Fed. R. Civ. P. 65(a)(1) provides that "[t]he court may issue a preliminary injunction only on notice to the adverse party." This provision "require[s] the district court to allow the adverse party sufficient time to marshal his evidence and present his arguments against the issuance of the injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (quotations and alterations omitted; collecting authorities); *see also Marshall Durbin Farms, Inc. v. Nat'l Farmers Org., Inc.*, 446 F.2d 353, 355–56 (5th Cir. 1971) (cited with approval in *Garcia*) (considering the complexity of the case and the substantial volume of submitted evidence and concluding that a week was insufficient time to afford the adverse party a fair opportunity to oppose the preliminary injunction). Courts have required, as a prerequisite for ruling on a motion for a preliminary injunction, that the movant file proof of service on the adverse parties of the complaint and of the motion itself. *See, e.g.*, *Raven's Landing, LLC v. New York State Cannabis Control Bd.*, No. 24-cv-1581 (MKV), 2024 WL 1055000, at *1 (S.D.N.Y. Mar. 11, 2024) (denying motion for preliminary injunction because, among other reasons, petitioners

"filed no proof of service on Defendants for either the petition or the motion for preliminary injunction"); *Grecia v. Brass Lion Ent., Inc.*, No. 25 CIV. 1484 (JHR) (GS), 2025 WL 1626453, at *3 (S.D.N.Y. Mar. 3, 2025) (similar); *Broadrick v. Gilroy*, No. 3:24-cv-1772 (VAB), 2024 WL 4723332, at *2 (D. Conn. Nov. 9, 2024) (declining to rule on motion for preliminary injunction where notice was not provided to defendant); *see also Juicy Couture, Inc. v. Bella Int'l Ltd.*, 930 F. Supp. 2d 489, 495 n.1 (S.D.N.Y. 2013) (noting that preliminary injunction was not binding on party that was not notified). Plaintiff has not filed proof of service of the complaint or its motion on Defendants, nor has it adduced any other evidence that it has notified Defendants of the motion. Defendants have not appeared in this case, so they will not have received notice of Plaintiff's motion by virtue of its filing.

Plaintiff may renew its motion for a preliminary injunction by way of order to show cause. If Plaintiff wishes to proceed by way of order to show cause, Plaintiff should submit a proposed order to show cause scheduling a hearing on its motion for a preliminary injunction in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan U.S. Courthouse at 500 Pearl Street, New York, New York 10007 with the date left blank for the Court to fill in. The proposed order should require Plaintiff to serve the order, the complaint, and Plaintiff's motion papers on Defendants in manner permitted under Fed. R. Civ. P. 4 and to promptly file proof of service on the docket. The order should also provide deadlines for Defendants' opposition to Plaintiff's motion and for Plaintiff's reply, if any, to Defendants' opposition, again with the dates left blank for the Court to fill in.

Alternatively, Plaintiff may renew its motion after it has filed proof of service of the complaint and motion papers on Defendants and Defendants have appeared in this action.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 8.

SO ORDERED.

Dated: July 9, 2025  
New York, New York

GREGORY H. WOODS  
United States District Judge