```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/18/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                        :

CASABLANCA FOODS LLC,                 :

                        Plaintiff,    :       1:25-cv-5616-GHW

              -v -                     :       ORDER

MINA SAHAR SAFFRON LLC, *et al.*,    :

                     Defendants.   :
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

      On July 14, 2025, the Court issued an order requiring Defendants to show cause on August 7, 2025 why a preliminary injunction should not be entered against them. Dkt. No. 21 (the "Order"). The Order required Plaintiff to serve Defendants Mina Sahar Saffron LLC and Palwasha Raqib in a manner permitted under Fed. R. Civ. P. 4. *Id.* at 3. The Order granted Plaintiff's motion to serve Defendant Farshad Foroudi through service on Ms. Raqib because Plaintiff had demonstrated that "[t]raditional methods of service under CPLR §§ 308(1)–(4)" on Mr. Foroudi were impracticable. *Id.* at 2; *see* N.Y. C.P.L.R. ("CPLR") § 308(5) (permitting service "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section"). The Court found that service on Mr. Foroudi was impracticable because despite Plaintiff's diligent efforts, it could not "identify a valid address for Defendant Foroudi." Dkt. No. 21 at 2; *see Bozza v. Love*, No. 15-cv-3271 (LGS), 2015 WL 4039849, at *1 (S.D.N.Y. July 1, 2015) ("Courts have found the impracticability standard met where, despite a diligent search, a plaintiff has demonstrated that her efforts to obtain information regarding the defendant's current residence or place of abode through ordinary means . . . had proven ineffectual." (collecting cases; cleaned up)).

The Order required Plaintiff to serve Defendants "by no later than July 18, 2025." Dkt. No. 21 at 3. It required Defendants to file papers in opposition to Plaintiff's motion for a preliminary injunction, *see* Dkt. No. 14, by no later than July 28, 2025. Dkt. No. 21 at 3. It required Plaintiff to submit any reply papers by no later than July 31, 2025. *Id.*

On July 18, 2025, the deadline for Plaintiff serve Defendants, Plaintiff moved for leave to "effect alternative service . . . via email" on Mina Sahar Saffron LLC and Palwasha Raqib, *i.e.*, the remaining defendants for whom alternative service had not already been permitted. Dkt. No. 22 ("Motion"). Plaintiff argued that service on those defendants was also impracticable because the process server it hired has made two unsuccessful attempts to "personally serve Defendants Raqib and Mina Sahar Saffron LLC at . . . 57 Lincoln Road Apt A21, Brooklyn NY 11225," the "business address of Mina Sahar Saffron LLC," Dkt. No. 23 ¶ 9 ("Lapin Declaration"), and also the address that Plaintiff "strongly believe[s] to be Raqib's residence," Motion at 1. Plaintiff states that its process server will make a third attempt at service on the evening of July 18, 2025, and if that attempt is unsuccessful, it will attempt to effect "nail-and-mail" service on Ms. Raqib pursuant to CPLR § 308(4). *Id.* at 2.[1] Plaintiff acknowledged that "'nail-and-mail' service . . . may be permissible under CPLR § 308(4) for serving [Ms. Raqib]," but that such service would not suffice "for service on Defendant Mina Sahar Saffron LLC." *Id.*[2]

Plaintiff has not demonstrated that service on the remaining defendants is impracticable. To succeed on a motion for alternative service under the impracticability provision in CPLR § 308(5), a plaintiff "must make some showing that the other prescribed methods [in CPLR § 308] could not be made." *S.E.C v. Nnebe,* No. 01-cv-5247, 2003 WL 402377, at *3 (S.D.N.Y. Feb. 21, 2003) (quoting *Markoff v. South Nassau Cmty. Hosp.,* 458 N.Y.S.2d 672, 672 (2d Dep't 1983)). The Court granted

---

[1] For the avoidance of doubt, the Court takes no position in this order on whether any such attempt at service will suffice to effect service under Fed. R. Civ. P. 4 and N.Y. C.P.L.R. 308(4).
[2] Plaintiff cites to CPLR § 311 as the applicable provision under New York law with respect to effecting service on Defendant Mina Sahar Saffron LLC, Motion at 2, but service on limited liability companies like Mina Sahar Saffron LLC is governed by a separate provision, CPLR § 311-a.

2

Plaintiff's previous motion for alternative service on Mr. Foroudi because Plaintiff had demonstrated that it could not obtain a "current residence or place of abode" at which to serve him using the methods prescribed in CPLR §§ 308(1)–(4). *Bozza*, 2015 WL 4039849, at *1; *Franklin v. Winard*, 189 A.D.2d 717, 717 (1st Dep't 1993). Here, by contrast, Plaintiff states that it knows Ms. Raqib's place of residence, *see* Motion 2, and has consistently maintained that it can effect service on Mina Sahar Saffron LLC by serving Ms. Raqib, *see* Lapin Declaration ¶ 9 (stating that Plaintiff hired a process server to serve Ms. Raqib and Mina Sahar Saffron LLC at the same address); *see also* Dkt. No. at 17 at 5–6 (Stating that Ms. Raqib "is the CEO and founder of Mina Sahar Saffron LLC"); CPLR § 311-a (permitting service on a limited liability company by, among other things, personally serving "any manager of the limited liability company in this state" or "any other agent authorized by appointment to receive process"). The Court sees no basis in the record that Plaintiff has presented to conclude that Plaintiff cannot serve the remaining defendants using the traditional methods prescribed under New York law.

    As the Court explained in its July 9, 2025 order, the Court will not rule on Plaintiff's motion for a preliminary injunction without "allow[ing] the adverse part[ies] sufficient time to marshal [their] evidence and present [their] arguments against the issuance of the injunction." *Garcia v. Yonkers Sch. Dist.*, 561 F.3d 97, 105 (2d Cir. 2009) (quotations and alterations omitted); *see* Fed. R. Civ. P. 65(a)(1) ("The court may issue a preliminary injunction only on notice to the adverse party."); *see generally* Dkt. No. 12. Accordingly, the Court will extend the deadlines set forth in its July 14, 2025 order to show cause by one week to permit Plaintiff more time to effect service on Defendants. The deadlines set forth in the Court's July 14, 2025 order are modified as follows. The deadline for Plaintiff to effect service on Defendants as prescribed in the Court's July 14, 2025 order is extended to July 25, 2025. The deadline for Defendants to file opposition papers to Plaintiff's motion for a preliminary injunction is extended to August 4, 2025. The deadline for Plaintiff to file any reply papers is extended to August 7, 2025. And the August 7, 2025 conference at which

Defendants were ordered to show cause why a preliminary injunction should not be entered against them will now be held on August 14, 2025 at 10:00 a.m. The conference will still be held in Courtroom 12C of the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York 10007.

Plaintiffs are directed to serve this order on Defendants in addition to the papers described in the Court's July 14, 2025 order to show cause. The Clerk of Court is directed to terminate the motion pending at Dkt. No. 22.

SO ORDERED.

Dated: July 18, 2025  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge